IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DEBORAH B. FOSTER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 11-0175-WS-N |
| | ) |
| **BRIDGESTONE AMERICAS, INC.,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on the Motion for Leave of Court to File Amended Answer (doc. 92) filed by defendants Bridgestone Americas, Inc. and Bridgestone Americas Tire Operations, LLC (collectively, the "Bridgestone Defendants"), as well as on the Motion for Leave of Court to File Amended Answer (doc. 94) filed by defendants Mazda Motor Corporation, Mazda Motor of America, Inc., and Ford Motor Company (collectively, the "Mazda Defendants").

The crux of both Motions is that movants wish to amend their answers to add an affirmative defense for spoliation of evidence, based on information recently gleaned in discovery concerning a "tread piece" (which the Court understands to be a remnant or fragment of a tire) that plaintiff collected from the scene of the accident a couple of days after it occurred. Plaintiff testified in her deposition that she had forwarded the tread piece to her lawyers; however, when defense counsel requested access to that item, a paralegal in plaintiff's counsel's office responded that the tread piece "was disposed of" based on an assessment that it "had nothing to do with the Foster accident." (Doc. 92, Exh. B.)  In light of these facts, movants wish to amend their answers to plead the affirmative defense of spoliation.

As a threshold matter, the Court observes that movants' requests were filed well after the applicable deadline for amending the pleadings. The Rule 16(b) Scheduling Order (doc. 52) provides that motions for leave to amend pleadings must be filed on or before July 8, 2011; however, these motions were not filed until January 6, 2012 and January 10, 2012 respectively.

Such scheduling order deadlines "may be modified only for good cause and with the judge's consent."  Rule 16(b)(4), Fed.R.Civ.P.  This "good cause" standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension."  *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *see also Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008) ("To establish good cause, the party seeking the extension must have been diligent.").[1]  To show diligence, the Bridgestone Defendants explain that they first learned about the missing "tread piece" during plaintiff's deposition conducted on December 6, 2011, for which they received a transcript on December 20, 2011, and indicate that they moved to amend their pleadings within a reasonable time thereafter.  As for the Mazda Defendants, they explain that they first became aware that the tread piece had not been produced to the Bridgestone Defendants (but had instead apparently been discarded) upon the filing of those defendants' motion to amend their answer in January 2012.  In response, plaintiff has not challenged the sufficiency of either set of movants' showing of "good cause" for purposes of Rule 16(b)(4).  Nor is it facially obvious that defendants have not adequately demonstrated diligence under that standard.  Accordingly, the Court will not disallow the amendments pursuant to a Rule 16(b)(4) analysis.

Plaintiff's sole response to the Motions for Leave to Amend is that plaintiff's counsel located the tread piece "after an exhaustive weekend search" of their offices, and promptly sent it to the Bridgestone Defendants' counsel via Federal Express on January 9, 2012.  (*See* doc. 96, Exh. A; doc. 97, Exh. A.)  On that basis, plaintiff maintains that both Motions for Leave to Amend are moot.  Not necessarily so.  Despite plaintiff's counsel's representations that the tread piece shipped to the Bridgestone Defendants is the same one that plaintiff found at the accident

---

[1] Although motions for amendment of pleadings are generally governed by the liberal amendment policy embodied in Rule 15(a), Fed.R.Civ.P., the more stringent Rule 16(b) test applies to all requests for amendment filed after the applicable scheduling order deadline.  *See Millenium Partners, L.P. v. Colmar Storage, LLC*, 494 F.3d 1293, 1299 (11th Cir. 2007) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.") (citation omitted); *Smith v. School Bd. of Orange County*, 487 F.3d 1361, 1367 (11th Cir. 2007) ("despite Smith's argument on appeal that the district court should have granted his motion to amend his complaint in accordance with … Rule 15(a), Smith still had to comply with Rule 16(b)'s good cause requirement because he filed his motion to amend" after the deadline prescribed in the scheduling order).

scene several days after the fact, defendants have the right to contest the accuracy of that representation.  This is particularly true, given the Bridgestone Defendants' perception that the tread piece mailed to them by plaintiff's counsel differs materially from the description provided by plaintiff's counsel's office in the December 2011 e-mail explaining their decision to dispose of that object.  Defendants may investigate this issue further, and are certainly justified in preserving their legal objection on spoliation grounds pending the results of that investigation.  As such, the Court does not agree with plaintiff that the Motions for Leave to Amend are moot or that spoliation is clearly no longer an issue in this case following the January 9, 2012 tread piece production.

More generally, there is no indication that plaintiff will be unfairly prejudiced by the proposed amendments, that the new affirmative defense would be futile, or that defendants filed their motions for an improper purpose.  Given these determinations, as well as the fact that Rule 15(a)(2), Fed.R.Civ.P., instructs district courts freely to give leave to amend the pleadings when justice so requires, both Motions for Leave of Court to File Amended Answer (docs. 92, 94) are **granted**.  Pursuant to Section II.A.6. of this District Court's Administrative Procedure for Filing, Signing and Verifying Documents by Electronic Means (the "Administrative Procedure"), defendants are **ordered**, on or before **February 6, 2012**, to file their Amended Answers in a form substantially identical to their previously filed answers, with the sole modification being the inclusion of an affirmative defense of spoliation of evidence.[2]

DONE and ORDERED this 30th day of January, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The Bridgestone Defendants did not append a proposed Amended Answer to their Motion, while the Mazda Defendants did.  (*See* doc. 94, Exhs. C-E.)  The latter is the correct approach.  *See* Administrative Procedure, §§ II.A.6. ("If filing a document requires leave of the court, such as an amended complaint or a reply brief, the attorney shall attach the proposed document as an exhibit to the motion"), II.E.5. (similar).  Notwithstanding the Bridgestone Defendants' omission in this regard, their Motion is accepted and adjudicated on the merits at this time, based on the modest nature of the proposed amendment and the Court's desire not to delay these proceedings unnecessarily.